ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII ESPECIAL

| ETHELYN BERNIER VELÁZQUEZ<br><br>PETICIONARIO<br><br>v.<br><br>MITCHELL BERNIER RIVERA Y OTROS<br><br>RECURRIDOS | KLCE202300818<br><br>KLCE202300838<br><br>KLCE202300839<br>consolidados | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Caso Número:<br>GM2019CV00124<br><br>Sobre: División o liquidación de la comunidad de bienes hereditarios |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de marzo de 2024.

Comparecen en los tres (3) recursos de *certiorari* consolidados del epígrafe, los peticionarios Ethelyn Bernier Velázquez y Mitchell Bernier Rivera (Sra, Ethelyn Bernier y Sr. Mitchell Bernier), respectivamente, como sigue:

1. En el recurso KLCE202300818, la Sra. Ethelyn Bernier nos solicita que se expida el auto discrecional de *certiorari* y se revoque una *Resolución* emitida y notificada el 3 de mayo de 2023, por el Tribunal de Primera Instancia, Sala Superior de Salinas (TPI), que declaró no ha lugar una *Moción de sentencia sumaria parcial*;[1]

2. en el recurso KLCE202300838, el Sr. Mitchell Bernier nos solicita que se expida el auto discrecional de *certiorari* y se revoque una *Resolución* emitida y notificada el 3 de mayo de 2023 por el TPI, que declaró no ha lugar una *Moción de sentencia sumaria parcial con relación al inmueble ubicado en Patillas*;[2] y

3. en el recurso KLCE202300839, el Sr. Mitchell Bernier nos solicita que se expida el auto discrecional de *certiorari* y se revoque una *Resolución* emitida y notificada el 3 de mayo de 2023 por el TPI que declaró no ha lugar una *Moción de sentencia sumaria* en cuanto a una *demanda de intervención*.[3]

Adelantamos que se deniega la expedición del auto de *certiorari* en los tres (3) recursos consolidados.

---

[1] Apéndice del recurso KLCE202300818, págs. 510-517.
[2] Apéndice del recurso KLCE202300838, págs.69-113.
[3] Apéndice del recurso KLCE202300839, págs 160-254.

Número Identificador
RES2024_____

**I**

El 25 de febrero de 2019, la Sra. Ethelyn Bernier presentó una demanda ante el TPI sobre la división de una comunidad hereditaria de bienes compuesta por ella y el Sr. Mitchell Bernier Rivera.[4] El 14 de febrero de 2022, se presentó una *Demanda de intervención conforme a la Regla 21* por la señora Celeste Cintrón también conocida como la señora Celeste Bernier (Sra. Cintrón; interventora) contra el Sr. Bernier Rivera quien fue su esposo.[5] El Sr. Mitchell Bernier presentó, el 18 de marzo de 2022, el escrito titulado *Contestación a la demanda de intervención.*[6]

En lo pertinente al recurso KLCE202300818 ante nuestra consideración, el 31 de enero de 2023, la Sra. Ethelyn Bernier presentó una *Moción en Sentencia Sumaria Parcial (Inmueble en Patillas, PR)*[7] donde expone que el Sr. Mitchell Bernier, en esencia, solicitó al foro apelado que declarara una propiedad inmueble ubicada en la carretera número 3, Km. 11.9, en Patillas, Puerto Rico, como parte del caudal hereditario del causante (conocido Mitchel Bernier de León, Mitchell Bernier, Mitchell Bernier León, Mitchell Bernier Leoni y Mitchell Bernier), quien falleció el 7 de octubre de 2018.

Luego de los trámites de rigor, el 3 de mayo de 2023, el TPI emitió una *Resolución* que declaró no ha lugar la *Moción de Sentencia Sumaria Parcial* presentada por la Sra. Ethelyn Bernier, el 3 de mayo de 2023.[8] Luego de evaluar "las mociones, sus anejos y el expediente judicial", el foro recurrido expuso los hechos que no están en controversia, como sigue:

1. El 14 de julio de 1981 el demandado, libre y voluntariamente otorgó en la ciudad de Nueva York un Poder o "Power of Attorney" apoderando al causante a ejercer cualquier tipo de transacción de bienes raíces o "Real Estate Transactions". Este poder o mandato (en adelante, el "Poder") fue protocolizado en Puerto Rico el 30 de julio de 1981, mediante escritura pública número

---

[4] Véase, Apéndice del recurso KLCE202300839, págs. 1-3 (Demanda presentada el 25 de febrero de 2019). El 15 de agosto de 2022, se presentó una demanda enmendada, según surge del Apendice del recurso KLCE202300818, págs. 1-3.
[5] Apéndice del recurso KLCE202300839, págs. 69-139.
[6] Apéndice del recurso KLCE202300839, págs.149-159.
[7] Apéndice del recurso KLCE202300818, págs. 23-360.
[8] Apéndice del recurso KLCE202300818, págs. 510-517.

13 ante el notario Héctor R. Martínez Vélez. Véase Exhibit 1 de la Moción de Sentencia Sumaria Parcial (S.S.P.).

2. El Poder de referencia nunca fue revocado y estaba vigente a la fecha del fallecimiento del causante el 7 de octubre de 2018. Véase Exhibit 2 de la S.S.P.

3. El 17 de enero de 1984 el demandado, por conducto del causante como su apoderado conforme al Poder, advino a ser titular de propiedad ubicada en el Barrio Guardarraya, Carretera Número 3, Km. 11.9, en Patillas, Puerto Rico (en adelante, el "Inmueble"). La transacción ocurrió mediante escritura número 1 sobre compraventa y asunción de hipoteca otorgada el 17 de enero de 1984, ante la Notario Ana J. Bernier Muñoz. Véase Exhibit 3 de la S.S.P.

4. El Inmueble consta inscrito en el Registro de la Propiedad al Folio número 48, del Tomo número 93 de Patillas, finca número 4,321, Registro de la Propiedad de Guayama, Puerto Rico. Véase Exhibit 4 de la S.S.P.

5. El balance de cancelación ajustado cerca del 11 de mayo de 1993, por $5,689.76 de la Primera Hipoteca, fue pagada mediante giros postales desde el PO Box 4416, Sunnyside, NY 11104. Véase Exhibit 8 de la S.P.P.

6. La dirección del remitente en los giros era la de su padre/causante en Nueva York para la fecha de la emisión de éstos. Véase Exhibit 11 de la S.S.P.

7. El 30 de octubre de 1998, ante la Notario Lucía Rivera González, se otorgó una escritura de Cancelación de Hipoteca, mediante la cual se solicita al Registrador la cancelación de la Primera Hipoteca y Segunda Hipoteca. Véase Exhibit 16 de la S.S.P.

8. El demandado, representado por el causante mediante el Poder, vendió el Inmueble a Juan Pérez Rivera y su esposa Lydia Cruz García, mediante escritura número 5 de Compraventa y Reconocimiento de Hipoteca del 18 de abril de 1994, ante el notario Ramiro Rodríguez Ramos. Véase Exhibit 17 de la S.S.P.

9. Esta escritura fue inscrita en el Registro de la Propiedad conforme al asiento número 12 en el Folio 18 del Tomo 148 de Patillas, en el Registro de la Propiedad de Guayama (en adelante, el "Registro")", y fue presentada al Registro el 2 de marzo de 1996.

10. El causante inscribió en el Registro su derecho a "Hogar Seguro" sobre el inmueble, según consta en la nota marginal del Tomo del Folio Móvil número 214 de Patillas en el Registro, cuya presentación al Registro ocurrió el 26 de junio de 2012. Véase Exhibit 19 de la S.S.P.[9]

El TPI determinó que está en controversia, "[s]i el inmueble sito en Patillas pertenece al caudal hereditario del Sr. Mitchell Bernier de León o al Sr. Mitchell Rivera"[10] y, expuso sus conclusiones de derecho, como sigue:

Corresponde al Tribunal determinar si, procede lo solicitado por la demandante y reconoce el inmueble como parte del caudal hereditario.

---

[9] Apéndice del recurso KLCE202300818, págs. 513-514.
[10] Apéndice del recurso KLCE202300818, pág. 515.

La parte demandante entiende que, el demandado consintió al negocio ocurrido durante el 1994, además, se configuró la prescripción adquisitiva ordinaria sobre el bien inmueble en controversia, al ser poseído por el causante, en conjunto con la parte antecesora, mediante justo título, de manera pública, pacífica ininterrumpidamente y de buena fe, en exceso del período dispuesto en el Código Civil de Puerto Rico entonces vigente. Por lo que procede declarar el inmueble en cuestión como parte del caudal hereditario.

Por su parte el demandado argumenta que, en el presente caso no existe controversia alguna sobre el hecho de que fue él quien adquirió el inmueble en Patillas, conforme a la escritura 1 autorizada por la Notario Público Ana J. Bernier el 17 de enero de 1984, y que las escrituras 5 del 18 de abril de 1994 ante el Notario Público Ramiro Rodríguez Ramos y la 59 del 14 de octubre de 1998 ante la Notario Público Lucia Rivera González, no tienen efecto jurídico.

Siendo la Sentencia Sumaria un remedio discrecional y luego de haber evaluado las mociones y sus anejos correspondientes el Tribunal identifica una controversia que le impide disponer de forma sumaria la titularidad del inmueble en cuestión. Lo que procede es la celebración de un Juicio Plenario donde se puedan dilucidar todas las controversias entre las partes.[11]

Finalmente, el foro de instancia declaró no ha lugar la Moción de Sentencia Sumaria Parcial de la Sra. Ethelyn Bernier, por no ser el vehículo apropiado para adjudicar en torno a la propiedad sita en Patillas por lo que será un asunto debe ventilarse en el juicio.[12]

En lo pertinente al recurso KLCE202300838 ante nuestra consideración, el 9 de febrero de 2023, el Sr. Mitchel Rivera presentó una *Moción de sentencia sumaria parcial en relación al inmueble ubicado en Patillas*,[13] con el planteamiento de "que el inmueble sito en el Municipio de Patillas no pertenece al caudal hereditario [,] y que le pertenece de forma exclusiva"[14] y solicitó al TPI lo siguiente:

(A) Declare nulo, simulado y sin causa la escritura 5 otorgada el 18 de abril de 1994 ante Ramiro Rodríguez Ramos [;]
(B) Declare nulo, simulado y sin causa la escritura 59 otorgada el 14 de abril de 1998 ante Lucía Rivera González [;]
(C) Ordene al Registrador a cancelar las inscripciones 12 y 13 en la finca 4321 de Patillas [;] y
(D) Ordene a los respectivos notarios y/o archiveros notariales en custodia de los respectivos instrumentos

---

[11] Apéndice del recurso KLCE202300818, págs. 516-517.
[12] Apéndice del recurso KLCE202300818, pág. 517.
[13] Apéndice del recurso KLCE202300838, págs.69-113.
[14] Apéndice del recurso KLCE202300838, pág. 82.

públicos antes relacionados expedir nota marginal al instrumento proveyendo para el cierre de dichas escrituras[s] de forma tal que se tome conocimiento de la declaración de nulidad y simulación y se prohíba la expedición de copia certificada alguna para evitar cualquier consecución en perjuicio que pueda ocasionar[.][15]

Luego de los trámites de rigor, el 3 de mayo de 2023, el TPI emitió una *Resolución* que declaró no ha lugar la *Moción de Sentencia Sumaria Parcial* presentada por el Sr. Mitchell Bernier, el 3 de mayo de 2023.[16] Luego de evaluar "las mociones, sus anejos y el expediente judicial", el foro recurrido expuso los hechos que no están en controversia, como sigue:

1. El 17 de enero de 1984 Mitchell Bernier Rivera adquirió la siguiente propiedad inmueble. Véase Anejo I de la Moción de Sentencia Sumaria Parcial (M.S.S.P.).
2. Mitchell Bernier Rivera es hijo del causante y heredero. Véase Anejo II de la M.S.S.P.
3. El Sr. Bernier Rivera adquirió de Adelaida Santiago, María Virginia Rivera Santiago, Miguel Ángel Rivera Santiago, Juanita Rivera Santiago, Rafael Rivera Santiago, Ramira Rivera Santiago y José Antonio Rivera Santiago el bien inmueble por el precio de $52,000.00. Véase Anejo I de la M.S.S.P.
4. El precio fue satisfecho mediante la cantidad de $10,000.00 que fueron entregados al momento del otorgamiento y la asunción de la responsabilidad hipotecaria por el importe de $29,824.63, y una segunda hipoteca por el importe de $12,175.37 de conformidad con los términos y condiciones de la escritura. Véase Anejo I de la M.S.S.P.
5. La primera hipoteca se registró al Folio 54 de la Finca 4321 de Patillas del Registro de la Propiedad de Guayama bajo la inscripción octava y según la escritura 466 ante el Notario Público Wendell W. Colón el 26 de septiembre de 1978. Véase Anejo IX de la M.S.S.P.; fotos digitales Finca 4321.
6. La hipoteca fue objeto de una modificación por Mitchell Bernier Rivera bajo la escritura 135. Véase Anejo IX de la M.S.S.P.; fotos digitales Finca 4321.
7. La segunda hipoteca fue constituida el mismo día del otorgamiento de la compraventa, o sea, el 17 de enero de 1984. Véase Anejo III de la M.S.S.P.
8. El 18 de abril de 1994 Sr. Mitchell Bernier León, vendió el Inmueble a Juan Pérez Rivera y su esposa Lydia Cruz García, mediante escritura de Compraventa y Reconocimiento de Hipoteca. Véase Anejo VI de la M.S.S.P.
9. En la escritura de Compraventa y Reconocimiento de Hipoteca las partes manifestaron que realizan una venta por el importe de $60,000.00 de los cuales $35,000.00 se retuvieron para pagar el balance del principal de las

---

[15] *Id.*
[16] Apéndice del recurso KLCE202300838, págs. 898-904.

hipotecas que gravaban el inmueble y $25,000.00 fueron entregados con anterioridad al otorgamiento. Véase Anejo VI de la M.S.S.P.

10. El 18 de abril de 1994, Juan Pérez Rivera y la Sra. Lydia Cruz García otorgan un poder general designando a Mitchell Bernier León como su apoderado, en la cual se le autorizaba a llevar a cabo todos los actos de administración y disposición, incluyendo venta y donación, sobre el inmueble. Véase Anejo VII de la M.S.S.P.

11. Juan Pérez Rivera falleció intestado el 28 de marzo de 2015 y le hereda el tercero demandado Heriberto Pérez Cruz y su esposa Lydia Cruz García en la cuota viudal usufructuaria. Véase Anejo VIII de la M.S.S.P.

12. El 14 de octubre de 1998 comparecen Juan Pérez Rivera y la Sra. Lydia Cruz García para venderle el predio a Mitchell Bernier León. Véase Anejo X de la M.S.S.P

13. Las partes indican que ambas hipotecas fueron satisfechas y que Mitchell Bernier León tiene el pagaré para cancelarlo. Véase Anejo X de la M.S.S.P.

14. Juan Pérez Rivera y la Sra. Lydia Cruz García indican que el precio de compra de $60,000.00 fue recibido de manos de Mitchell Bernier León con anterioridad al otorgamiento. Véase Anejo X de la M.S.S.P.

15. El 30 de octubre de 1998 Mitchell Bernier León comparece ante la Notario Lucia Rivera González para cancelar ambos pagares hipotecarios saldos desde el 11 de enero de 1989 y 18 de junio, de 1993, respectivamente. Véase Anejo V de la M.S.S.P.[17]

El TPI determinó que está en controversia, "[s]i el inmueble sito en Patillas pertenece al caudal hereditario del Sr. Mitchell Bernier de León o al Sr. Mitchell Rivera"[18] y, expuso sus conclusiones de derecho, como sigue:

Corresponde al Tribunal determinar si, procede lo solicitado por el demandado y reconoce el inmueble como un bien perteneciente al demandado.

Entiende el demandado que, no existe controversia material y genuina sobre la simulación del precio en las sucesivas escrituras de compraventa con el fin de privar al verdadero dueño Mitchell Bernier Rivera de la titularidad del inmueble en Patillas y lograr que la titularidad se refleje a nombre del causante Mitchell Bernier De León a través de los intermediarios el Sr. Juan Pérez Rivera y la Sra. Lydia Cruz García. Por lo que, el inmueble ubicado en el Municipio de Patillas no pertenece al caudal relicto objeto de división en el presente litigio.

La parte demandante argumenta que, el titular registral es el causante, y si el demandado reclama el inmueble es privativo suyo tiene el peso de la prueba de así demostrarlo, lo cual no ha sido capaz de hacer pues vive en la indigencia dependiendo de beneficencia social en el estado de Nueva York.

---

[17] Apéndice del recurso KLCE202300838, págs. 900-902.
[18] Apéndice del recurso KLCE202300838, pág. 902.

> Siendo la Sentencia Sumaria un remedio discrecional y luego de haber evaluado las mociones y sus anejos correspondientes el Tribunal identifica una controversia que le impide disponer de forma sumaria la titularidad del inmueble en cuestión. Lo que procede es la celebración de un Juicio Plenario donde se puedan dilucidar todas las controversias entre las partes.[19]

Finalmente, el foro de instancia declaró no ha lugar la Moción de Sentencia Sumaria Parcial en relación al inmueble ubicado en Patillas, presentada por el Sr. Mitchell Rivera y dispuso que la titularidad será un asunto que debe ventilarse en el juicio.[20]

En lo pertinente al recurso KLCE202300839 ante nuestra consideración, el 9 de febrero de 2023, el Sr. Mitchel Rivera presentó una *Moción de sentencia sumaria en cuanto a la demanda de intervención*[21] presentada por su ex esposa, la Sra. Celeste Cintrón. Solicitó la desestimación de la demanda de intervención y la Sra. Cintrón se opuso.[22]

Luego de los trámites de rigor, el 3 de mayo de 2023, el TPI emitió una *Resolución* que declaró no ha lugar la *Moción de sentencia sumaria en cuanto a la demanda de intervención* presentada por el Sr. Mitchell Bernier, el 3 de mayo de 2023.[23] Luego de evaluar "las mociones, sus anejos y el expediente judicial", el foro recurrido expuso los hechos que no están en controversia, como sigue:

1. Celeste Cintrón y Mitchell Bernier Rivera contrajeron matrimonio en la ciudad de New York el 3 de septiembre de 1981. Véase Anejo I de la Moción de Sentencia Parcial en cuanto a la Reconvención.
2. Durante su matrimonio las partes procrearon un hijo, de nombre Mitchell Bernier, el cual nació el 13 de junio de 1982. Véase Anejo II de la Moción de Sentencia Parcial en cuanto a la Reconvención.
3. El matrimonio antes descrito fue disuelto mediante sentencia de divorcio emitida el 27 de abril de 1987, en el Estado de New York, por el Hon. Martin Schneier. Véase Anejo II de la Moción de Sentencia Parcial en cuanto a la Reconvención.
4. Celeste Cintrón nunca solicitó división de activos maritales y limitó su pedido a la disolución del matrimonio, aspectos de custodia, pensión para el hijo

---

[19] Apéndice del recurso KLCE202300838, págs. 903-904.
[20] Apéndice del recurso KLCE202300838, pág. 904.
[21] Apéndice del recurso KLCE202300839, págs. 160-254.
[22] Apéndice del recurso KLCE202300839, págs. 255-278.
[23] Apéndice del recurso KLCE202300839, págs. 279-284.

menor de edad, relaciones paternofiliales y volver a utilizar su nombre de soltera Celeste Cintrón. Véase Anejo IV de la Moción de Sentencia Parcial en cuanto a la Reconvención.

5. El 17 de enero de 1984, el Sr. Mitchell Bernier Rivera adquirió un inmueble' en el Municipio de Patillas el 17 de enero de 1984. Véase Anejo VII de la Moción de Sentencia Parcial en cuanto a la Reconvención.[24]

El TPI determinó que está en controversia, "[s]i la propiedad inmueble sita en el Municipio de Patillas es ganancial por haber sido adquirido durante la vigencia del matrimonio o si por el contrario pertenece privativamente al demandado"[25] y, expuso sus conclusiones de derecho, como sigue:

Corresponde al Tribunal determinar si, procede lo solicitado por el demandado y reconoce el inmueble como un bien perteneciente al demandado.

Entiende el demandado que; la adquisición del inmueble es imputable a su esfuerzo, capital e industria; mientras que la interventora no hizo aportación alguna. Al haber inexistencia de controversia genuina en cuanto a la falta de méritos de la demanda de intervención lo que procede es el dictamen sumario de los autos.

La parte interventora argumenta que, la parte demandada y promovente de la solicitud de sentencia sumaria no ha demostrado con claridad que no existen controversias sobre hechos materiales respecto a la intervención. Además, no ha presentado evidencia que contravenga la presunción *iuris tantum* de que el bien inmueble que yace en la municipalidad de Patillas y respecto al cual la interventora solicita se decrete su derecho de participación sobre la propiedad por ser ganancial al ser adquirido durante la vigencia del matrimonio entre ambos y respecto al cual no se estableció régimen económico especial de capitulaciones.

Siendo la Sentencia Sumaria un remedio discrecional y luego de haber evaluado las mociones y sus anejos correspondientes ante el Tribunal no quedó demostrado que el inmueble en cuestión es uno privativo del demandado, por lo que, no se puede disponer de los autos de forma sumaria.[26]

Finalmente, el foro de instancia declaró no ha lugar la *Moción de Sentencia Sumaria* presentada por el Sr. Mitchell Rivera, en cuanto al reclamo de la desestimación de la *Demanda de Intervención* presentada por su ex esposa, Sra. Celeste Cintrón, y dispuso que "[c]ualquier

---

[24] Apéndice del recurso KLCE202300839, pág. 281.
[25] Apéndice del recurso KLCE202300839, págs. 282.
[26] Apéndice del recurso KLCE202300839, págs. 283-284.

remedio que pueda surgir de la demanda de intervención tendrá que esperar a la celebración del juicio en su fondo."[27]

Inconformes, los peticionarios, Sra. Ethelyn Bernier y Sr. Mitchell Bernier, respectivamente, presentaron sus señalamientos de errores, en sus correspondientes recursos de *certiorari* consolidados, como sigue:

### KLCE202300818

PRIMER SEÑALAMIENTO DE ERROR
COMETIÓ ERROR EL TPI AL NEGARSE A ESTABLECER COMO HECHO PROBADO, ADICIONAL A LOS 10 NO CONTROVERTIDOS INCLUÍDOS EN SU RESOLUCIÓN, EL SIGUIENTE: "EN 1989, LA TERCERA DEMANDADA, LYDIA CRUZ GARCÍA, PAGÓ EL MONTO DE $10,279.16 DEL BALANCE DE $12,175.37 DE LA SEGUNDA HIPOTECA INCURRIDA POR EL DEMANDADO-RECURRIDO PARA LA ADQUISICIÓN DE LA PROPIEDAD EN 1984."

SEGUNDO SEÑALAMIENTO DE ERROR
ANTE LAS DETERMINACIONES DE HECHOS NO CONTROVERTIDAS QUE EL DEMANDADO CONCEDIÓ AL CAUSANTE EN 1981 UN PODER PARA "EJERCER CUALQUIER TIPO DE TRANSACCIONES DE BIENES MUEBLES O 'REAL ESTATE TRANSACTIONS' Y QUE "DICHO PODER NUNCA FUE REVOCADO Y ESTABA VIGENTE HASTA EL FALLECIMIENTO DEL CAUSANTE-MANDATARIO EN OCTUBRE DE 2018" (Hechos núm. 1 y 2 de la Resol. de 3 de mayo), COMETIÓ ERROR EL TPI AL NO CONCLUIR QUE EL DEMANDADO-MANDANTE QUEDABA OBLIGADO POR TODOS LOS ACTOS DEL CAUSANTE-MANDATARIO REALIZADOS MEDIANTE EL PODER, POR LO QUE QUEDABA OBLIGADO POR LA VENTA DE LA PROPIEDAD EN EL 1994.

TERCER SEÑALAMIENTO DE ERROR
COMETIÓ ERROR EL TPI AL NO CONCLUIR QUE, EN ATENCIÓN A QUE HUBO UN PODER EXPRESO Y VIGENTE EL CUAL AUTORIZABA AL CAUSANTE A COMPRAR Y VENDER BIENES INMUEBLES EN NOMBRE DEL DEMANDADO-RECURRIDO DESDE JULIO 1981 HASTA OCTUBRE DE 2018, ESTE ÚLTIMO ESTÁ IMPEDIDO DE IR CONTRA SUS PROPIOS ACTOS PARA IMPUGNAR LA VALIDEZ DE LA TRANSACCIÓN DE COMPRAVENTA LLEVADA A CABO EN 1994, MEDIANTE LA CUAL SE VENDIÓ LA PROPIEDAD A JUAN PÉREZ Y LYDIA CRUZ.

CUARTO SEÑALAMIENTO DE ERROR
COMETIÓ ERROR EL TPI AL NO DECRETAR QUE LA PRESCRICIÓN ADQUISITIVA ORDINARIA DE 20 AÑOS ENTRE AUSENTES OPERA EN FAVOR DE DECLARAR AL CAUSANTE PROPIETARIO DEL INMUEBLE EN CONTROVERSIA Y, POR LO TANTO, EL INMUEBLE PERTENECIENTE AL CAUDAL HEREDITARIO Y/O NO

---

[27] Apéndice del recurso KLCE202300839, pág. 284.

DECRETAR QUE EL CAUSANTE ADVINO LEGALMENTE EN TITULAR DE LA PROPIEDAD.

**KLCE202300838**

PRIMER ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EXISTÍAN CONTROVERSIAS MATERIALES DE HECHOS QUE LE IMPEDÍAN CONCLUIR QUE EL PRECIO EN LA ESCRITURA 5 DEL 18 DE ABRIL DE 1994 ANTE EL NOTARIO PÚBLICO RAMIRO RODRÍGUEZ RAMOS ERA SIMULADO.

SEGUNDO ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EXISTÍAN CONTROVERSIAS MATERIALES DE HECHOS QUE LE IMPEDÍAN CONCLUIR QUE EL PRECIO EN LA ESCRITURA 59 DEL 14 DE ABRIL DE 1998 ANTE EL NOTARIO PÚBLICO RAMIRO RODRÍGUEZ RAMOS ERA SIMULADO.

TERCER ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DETERMINAR LA INEXISTENCIA DE UNA CONTROVERSIA GENUINA SOBRE EL HECHO QUE EL CAUSANTE MITCHELL BERNIER DE LEÓN ERA (A) EL APODERADO DE FORMA SIMULTANEA DE SU HIJO MITCHELL BERNIER RIVERA Y (B) DEL SUPUESTO COMPRADOR/VENDEDOR EL SR. JUAN PÉREZ RIVERA Y (C) DE LA SUPUESTA COMPRADORA/VENDEDORA LA SRA. LYDIA CRUZ GARCÍA Y POR LO TANTO EXISTÍA UNA PROHIBICION EXPRESA DE DISPOSICIÓN DE BIENES CONFORME AL ARTÍCULO 1348(2) DEL CÓDIGO CIVIL DE 1930, 31 LPRA SEC. 3773.

**KLCE202300839**

PRIMER ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONCEDER LA SOLICITUD DE SENTENCIA SUMARIA EN CUANTO A LA CAUSA DE ACCIÓN DE "CHILD SUPPORT" A PESAR DE QUE NO EXISTE CONTROVERSIA GENUINA SOBRE EL HECHO DE QUE EN UNA ACCIÓN SIMULTÁNEA ENTRE LAS MISMAS PARTES EL ESTADO DE NEW YORK DETERMINÓ QUE LA MISMA ESTÁ PRESCRITA Y, POR LO TANTO, EXISTE UN IMPEDIMENTO DE COSA JUZGADA PARA CONTINUAR CON LA ACCIÓN EN PUERTO RICO.

SEGUNDO ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE ENTRE MITCHELL BERNIER RIVERA Y CELESTE CINTRÓN SE CONSTITUYÓ UNA SOCIEDAD DE BIENES GANANCIALES POR VÍA DE LA DOCTRINA DE LEX SITUS Y UNA INTERPRETACION ERRADA DE ROSELLÓ PUIG V. RODRÍGUEZ, 183 DPR 81 (2011) AL IGNORAR LA DISTINCIÓN DE ROSELLÓ PUIG, SUPRA, A LA LUZ DE LOS ARTÍCULOS 9 Y 1277 DEL CÓDIGO CIVIL.

TERCER ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER QUE LA SENTENCIA QUE CONTROLA LA DISPOSICIÓN ECONÓMICA DEL MATRIMONIO ENTRE MITCHELL BERNIER Y CELESTE CINTRÓN ES LA SENTENCIA DEL 27 DE ABRIL DE 1987 EMITIDA EN EL ESTADO DE NEW YORK.

CUARTO ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO RECONOCER QUE LOS TRIBUNALES DE PUERTO RICO CARECEN DE JURISDICCIÓN PARA RELEVAR DE SUS EFECTOS UNA SENTENCIA EMITIDA EN EL ESTADO DE NEW YORK Y, AÚN SI DECIDIERA ASUMIR JURISDICCIÓN, EL DERECHO DE RIGOR SERÍ ESTRICTAMENTE EL DE NEW YORK.

QUINTO ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DETERMINAR QUE EL ÚNICO REMEDIO DISPONIBLE PARA LA INTERVENTORA CELESTE CINTRÓN SERÍA EL DE LA CREACIÓN DE UN FIDEICOMISO CONSTRUCTIVO Y ESTO, DE IGUAL FORMA, ESTA PRESCRITO.

SEXTO ERROR IMPUTADO
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DETERMINAR, EN LA ALTERNATIVA DE QUE SE DETERMINE JURISDICCIÓN Y UTILICE EL DERECHO DE PUERTO RICO, QUE LA CAUSA DE ACCIÓN DE LA PARTE INTERVENTORA SOBRE EL INMUEBLE EN PATILLAS ESTÁ PRESCRITA.

## II

### A. *Certiorari*

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a: *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

[…]
El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** […] (Énfasis nuestro.)

Conforme a lo dispuesto en la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué supuestos se podrá expedir el auto de *certiorari*. En aquellos escenarios, en los que la materia no esté comprendida dentro de la citada regla, el tribunal revisor debe negarse a expedir el auto de *certiorari*.

Así las cosas, el primer examen al que debemos someter todo recurso de *certiorari* para determinar si debemos expedirlo es que debe tratar sobre alguna de las materias especificadas en la citada Regla 52.1 de Procedimiento Civil, *supra*. Este examen es mayormente objetivo. Por esto, se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández Colón, *Derecho Procesal Civil*, 5ta ed., LexisNexis, San Juan, 2010, pág. 476.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40

establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Así pues, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[28] sino que como Tribunal revisor debemos ceñirnos a los criterios antes citados. Si luego de evaluar los referidos criterios, este tribunal decide no expedir el recurso, podemos fundamentar nuestra determinación, mas no tenemos la obligación de así hacerlo.[29]

## B. Sentencia Sumaria

En nuestro ordenamiento jurídico, la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V. R. 36. Este mecanismo "responde al propósito de aligerar la conclusión de los pleitos

---

[28] *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[29] 32 LPRA Ap. V, R. 52.1.

eliminando el juicio en su fondo, pero siempre y cuando no exista una legítima disputa de hecho a ser dirimida, de modo que lo restante sea aplicar el derecho solamente". (Énfasis nuestro.) *Jusino et als. v. Walgreens,* 155 DPR 560, 576 (2001). Conforme la letra de la Regla 36. 1 de Procedimiento Civil, 32 LPRA Ap. V R. 36.1, para poder adjudicar en los méritos una moción de sentencia sumaria a favor del reclamante, lo que se requiere es que se presente "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente" ya sea sobre la totalidad de la reclamación o parte de esta. En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable." *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

En armonía con lo anterior, la sentencia sumaria solo debe dictarse en casos claros. Si no existe certeza sobre todos los hechos materiales en la controversia, no procede que se dicte sentencia sumaria. Sin embargo, se ha establecido que la sentencia sumaria, "[p]rocede, aunque se hayan alegado hechos que aparenten estar en controversia, pero cuando el promovente logre demostrar preponderantemente, y mediante dicha prueba documental, que en el fondo no existe controversia sobre los hechos medulares." *Jusino et als. v. Walgreens*, *supra*, a la pág. 577. Ante esta situación, la parte promovida debe "defenderse de la misma forma, es decir, apoyándose a su vez de documentos u otra evidencia admisible." *Id*.

Asimismo, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, establece unos requisitos de forma a ser cumplidos por la parte promovente y la parte promovida. Si el promovente incumple con los

requisitos de forma, "el tribunal no estará obligado a considerar su pedido." *Meléndez González v. M. Cuebas*, *supra*, a la pág. 111. Del mismo modo, si el promovido es quien incumple dichos requisitos "el tribunal puede dictar Sentencia Sumaria a favor de la parte promovente, si procede en derecho." *Id.*

En fin, toda vez que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley." *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000). Siendo esto así, solo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia." *Meléndez González v. M. Cuebas*, *supra*, a las págs. 109-110, que cita a: *Const. José Carro v. Mun. Dorado*, 186 DPR 113 (2012).

Según se ha reiterado jurisprudencialmente, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) considerar solamente los documentos que se presentaron ante el foro de primera instancia; y (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. Esto es, estamos impedidos de adjudicar los hechos materiales esenciales en disputa. *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio.

A esos efectos, el Tribunal Supremo de Puerto Rico estableció el estándar específico que debemos utilizar como tribunal revisor al momento de evaluar determinaciones del foro primario en las que se

conceden o deniegan mociones de sentencia sumaria. En lo pertinente, dispuso que "[l]a revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor." *Meléndez González v. M. Cuebas*, *supra*, a la pág. 118. Además, reiteró que, por estar en la misma posición que el foro primario, revisaremos que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma recopilados en la Regla 36 de Procedimiento Civil. *Id.* Por lo cual, luego que culminemos nuestra revisión del expediente, de encontrar que en realidad existen hechos materiales y esenciales en controversia, debemos tener en cuenta el cumplimiento de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V R. 36.4, y exponer concretamente cuáles hechos materiales están controvertidos y cuáles están incontrovertidos. Por el contrario, de resultar que los hechos materiales y esenciales realmente están incontrovertidos, entonces nos corresponde **revisar de *novo* si el foro impugnado aplicó correctamente el derecho a los hechos incontrovertidos**. *Id.*, a la pág. 119.

**III**

La Sra. Ethelyn Bernier recurre de una resolución emitida el 3 de mayo de 2023 por el TPI, que declaró no ha lugar su moción de sentencia parcial. Nos señala, en el recurso KLCE202300818, que el TPI se equivocó al negarse a establecer como hecho probado, que "en 1989, la tercera demandada, Lydia Cruz García, pagó el monto de $10,279.16 del balance de $12,175.37 de la segunda hipoteca incurrida por el demandado-recurrido para la adquisición de la propiedad en 1984". Añade que el foro recurrido erró "al no concluir que el demandado-mandante quedaba obligado por todos los actos del causante-mandatario realizados mediante el poder, por lo que quedaba obligado por la venta de la propiedad en el 1994, "al no concluir que, en atención a que hubo un poder expreso y vigente el cual autorizaba al causante a comprar y

vender bienes inmuebles en nombre del demandado-recurrido desde julio 1981 hasta octubre de 2018, este último está impedido de ir contra sus propios actos para impugnar la validez de la transacción de compraventa llevada a cabo en 1994, mediante la cual se vendió la propiedad a Juan Pérez y Lydia Cruz" y "al no decretar que la prescripción adquisitiva ordinaria de 20 años entre ausentes opera en favor de declarar al causante propietario del inmueble en controversia y, por lo tanto, el inmueble perteneciente al caudal hereditario y/o no decretar que el causante advino legalmente en titular de la propiedad."

El Sr. Mitchell Bernier recurre de dos (2) resoluciones emitidas por el TPI el 3 de mayo de 2023 que declaran no ha lugar dos (2) mociones de sentencia sumaria. Nos señala en el recurso KLCE202300838 que el TPI erró al "concluir que existían controversias materiales de hechos que le impedían concluir que el precio en la Escritura 5 del 18 de abril de 1994 ante el notario público Ramiro Rodríguez Ramos era simulado", "al concluir que existían controversias materiales de hechos que le impedían concluir que el precio en la Escritura 5 del 18 de abril de 1994 ante el notario público Ramiro Rodríguez Ramos era simulado" y, "al no determinar la inexistencia de una controversia genuina sobre el hecho que el causante Mitchell Bernier de León era (a) el apoderado de forma simultánea de su hijo Mitchell Bernier Rivera y (b) del supuesto comprador/vendedor el Sr. Juan Pérez Rivera y (c) de la supuesta compradora/vendedora la Sra. Lydia Cruz García y por lo tanto existía una prohibición expresa de disposición de bienes conforme al Artículo 1348(2) del Código Civil de 1930, 31 LPRA sec. 3773."

En cuanto al recurso KLCE202300839, el Sr. Mitchell Bernier nos señala que el TPI se equivocó "al no conceder la solicitud de sentencia sumaria en cuanto a la causa de acción de "child support" a pesar de que no existe controversia genuina sobre el hecho de que en una acción simultánea entre las mismas partes el Estado de New York determinó que la misma está prescrita y, por lo tanto, existe un impedimento de cosa

juzgada para continuar con la acción en Puerto Rico", "al no conceder la solicitud de sentencia sumaria en cuanto a la causa de acción de "child support" a pesar de que no existe controversia genuina sobre el hecho de que en una acción simultánea entre las mismas partes el Estado de New York determinó que la misma está prescrita y, por lo tanto, existe un impedimento de cosa juzgada para continuar con la acción en Puerto Rico", "al no reconocer que la sentencia que controla la disposición económica del matrimonio entre Mitchell Bernier y Celeste Cintrón es la sentencia del 27 de abril de 1987 emitida en el Estado de New York" , "al no reconocer que los tribunales de Puerto Rico carecen de jurisdicción para relevar de sus efectos una sentencia emitida en el Estado de New York y, aún si decidiera asumir jurisdicción, el derecho de rigor sería estrictamente el de New York", "al no determinar que el único remedio disponible para la interventora Celeste Cintrón sería el de la creación de un fideicomiso constructivo y esto, de igual forma, esta prescrito", y "al no determinar, en la alternativa de que se determine jurisdicción y utilice el derecho de Puerto Rico, que la causa de acción de la parte interventora sobre el inmueble en Patillas está prescrita.

Primeramente, por tratarse de tres (3) recursos de *certiorari*, nos corresponde evaluar si los asuntos ante nuestra consideración versan sobre alguna de las materias contenidas en la Regla 52.1 de Procedimiento Civil. La contestación a dicha interrogante es en la afirmativa, ya que se recurre de la denegación de tres (3) mociones dispositivas. Ambos peticionarios recurren de resoluciones emitidas por el TPI, las cuales declaran no ha lugar sus mociones de sentencia sumaria.

Lo anterior, ciertamente, incide sobre un asunto contenido en la Regla 52.1. De tal forma, tenemos jurisdicción bajo dicha disposición legal. Ahora bien, en segundo lugar, debemos examinar el asunto que se nos plantea a la luz los criterios contenidos en la Regla 40 de nuestro Reglamento.

Luego de revisar *de novo* los documentos que acompañaron las mociones de sentencia sumaria presentadas por la Sra. Ethelyn Bernier y el Sr. Mitchell Bernier, así como las mociones de oposición, y las tres (3) resoluciones recurridas, no encontramos que el tribunal primario haya incurrido en un abuso de discreción o que haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia. Tampoco se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal ni que, intervenir en esta etapa, evitaría un perjuicio sustancial contra la parte peticionaria. Por ello, cónsono con los principios antes esbozados, resolvemos denegar la expedición del auto de *certiorari*.

**IV**

Por los fundamentos que anteceden, denegamos expedir los tres (3) autos de *certiorari* solicitados. En consecuencia, devolvemos el caso al foro primario para la continuación de los procedimientos.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones